UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie C. Gill, Jr., #20171202,<br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Warden Mueller,<br>Capt. Padgett,<br>Katrina Scarcella,<br>David Philback,<br>　　　　　　　　　Defendants. | ) C/A No. 4:18-1678-TMC-TER<br>)<br>)<br>) ORDER<br>)<br>)<br>)<br>)<br>)<br>) |

　　　This is a civil action filed by a pretrial detainee. On July 27, 2018, the court authorized service of the Complaint. (ECF No. 15). On October 19, 2018, a scheduling order was issued with Motions to Amend Pleadings due by November 29, 2018. (ECF No. 22). On November 30, 2018, Plaintiff filed a Motion for Extension for time to amend pleadings. (ECF No. 27). On December 12, 2018, Defendants responded to the Motion, arguing "to the extent plaintiff suggests that his motion to amend should be granted because he is unable to access the courts, said allegations are without merit." (ECF No. 29). The court extended the scheduling order by 30 days, with Motions to Amend Pleadings due by December 29, 2018. (ECF Nos. 30, 31). On January 15, 2019, outside of the deadline time in the prior extended order, Plaintiff filed a proposed Amended Complaint, which was filed as a Motion to Amend. (ECF No. 40). On January 30, 2019, Defendants responded that Plaintiff was already given an extension of time previously and still failed to file his motion within the additional time allowed and argued Plaintiff's motion should be denied as untimely. (ECF No. 42).

　　　This court has stated well the standard applicable here:

　　　Once a scheduling order's deadline for amendment of pleadings has passed, a movant must first demonstrate to the court that it has a "good cause" for seeking modification of the scheduling deadline under Rule 16(b). If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a). *Smith v. United Parcel Service, Inc.*, 902 F.Supp. 719, 720 (S.D.W.V.1995); *Marcum v. Zimmer*, 163 F.R.D. 250–254 (S.D.W.V.1995); *Forstmann v. Culp*, 114 F.R.D. 83, 85–86 (M.D.N.C.1987); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir.1992).

　　　Rule 16 was drafted to prevent parties from disregarding the agreed-upon course of litigation. The Rule assures the court and the parties that "at some point both the parties and the pleadings will be fixed." Advis. Comm. Notes for 1983 Amend. Consistent with the Rule's intent, this court has admonished litigants that "[a] scheduling order is not a frivolous piece of paper, idly entered, which can be

cavalierly disregarded by counsel without peril." *Jordan v. E.I. du Pont de Nemours*, 867 F.Supp. 1238, 1250 (D.S.C.1994) (*citing Johnson*, 975 F.2d at 610).

Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. *Smith*, 902 F.Supp. at 720; *Marcum*, 163 F.R.D. at 254; *Forstmann,* 114 F.R.D. at 85; *Johnson*, 975 F.2d at 609. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Procedure § 1522.1 at 231 (2d ed. 1990). In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Advis. Comm. Notes for 1983 Amend.; F*orstmann*, 114 F.R.D. at 85. Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. *Johnson*, 975 F.2d at 609.

*Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C.), *aff'd sub nom*., 129 F.3d 116 (4th Cir. 1997).

**In accordance with the above case law, Plaintiff is ordered to demonstrate good cause as required by Rule 16(b) by filing written explanation with the court within fifteen (15) days of the date of this order.**

**IT IS SO ORDERED**.

|  |  |
|---|---|
| | s/ Thomas E. Rogers, III |
| February 5, 2019 | Thomas E. Rogers, III |
| Florence, South Carolina | United States Magistrate Judge |